## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDEAVOR MESHTECH, INC., | Civil Action No._____ |
| Plaintiff, | |
| | **ORIGINAL COMPLAINT FOR** |
| v. | **PATENT INFRINGEMENT** |
| MUELLER SYSTEMS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Endeavor MeshTech, Inc. ("Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Mueller Systems, LLC. ("Defendant" or "Mueller") as follows:

### NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,379,981 entitled "*Wireless Communication Enabled Meter and Network*" (hereinafter, the "'981 Patent"), United States Patent No. 8,700,749 (hereinafter, the "'749 Patent") and United States Patent No. 8,855,019 (hereinafter, the "'981 Patent," "'749 Patent" and "'019 Patent", respectively, or "Patents-in-Suit"; copies of which are attached hereto as Exhibits A-C, respectively).   Plaintiff is the owner of the Patents-in-Suit.   Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

2.      Endeavor MeshTech, Inc. is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 3140 Broadway, 46th Floor, New York, NY, 10005.  Plaintiff is the owner of the Patents-in-Suit, and possesses all

rights thereto, including the exclusive right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to license the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.      Upon information and belief, Mueller is a limited liability company duly organized and existing under the laws of the State of Delaware since December 3, 2008 and having its principal place of business located at 1200 Abernathy Road, Suite 1200, Atlanta, GA, 30328.  Defendant may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      Upon information and belief, Mueller ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products under its Mi.Net® brand name system.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Mueller because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7.     More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware.  Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products in the State of Delaware and in the District of Delaware.

8.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.     The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent) and October 7, 2014 (the '019 Patent) after full and fair examinations.  Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10.     On information and belief, Mueller owns, operates, advertises, and/or controls the website www.muellersystems.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the Mi.Net® brand name system and services ("Accused Products and Services").

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

11.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12.    Plaintiff is informed and believes that Mueller has infringed and continues to infringe the '981 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products under the Mi.Net® brand name and affiliated services.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '981 Patent  because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises a self-configuring wireless network, including but not limited to Mueller's Mi.Net® system architecture.  Defendant provides a self-configuring wireless network that incorporates a network cluster, virtual gate, and virtual network operations entity through the use of devices which include at least Mueller's Mi.Net® nodes, gateways, smart meters, Mi.Gate collectors and Mi.Net host servers. Specifically, one or more of Defendant's Accused Products and Services, infringes one or more of the claims of the '981 Patent.  Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States.

13.    Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '981 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services.   Upon information and belief, Defendant has specifically

intended its customers to use its systems and methods in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  Defendant knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16.     Defendant's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

17.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

18.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '749 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products under the Mi.Net® brand and affiliated services. Upon information and belief, Defendant has infringed and continues to infringe one or more

claims of the '749 Patent,  because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises a self-configuring wireless network, including but not limited to Mueller's Mi.Net® system architecture and the methods incorporated therein. Defendant provides a self-configuring wireless network and attendant methods that incorporate virtual network nodes and a gateway, wherein the nodes use messaging to form an organized network in communication with the gateway, and additional nodes may be added to the network to communicate with the gateway utilizing the existing communication route, such network being composed of Mueller's Mi.Net® nodes, gateways, smart meters, Mi.Gate collectors and Mi.Net host servers. Specifically, one or more of Defendant's Accused Products and Services infringes one or more of the claims of '749 Patent.  Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States.

19.    Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '749 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services.  Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '749

Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  Defendant knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Defendant's infringement of Plaintiff's rights under the 749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 8,855,019

23.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

24.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '019 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products under the Mi.Net® brand and affiliated services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '019 Patent,  because it ships distributes, makes, uses, imports, offers for sale, sells,

and/or advertises an organized network, including but not limited to Mueller's Mi.Net® system architecture and the methods incorporated therein. Defendant provides an organized network and attendant methods that incorporate wireless network nodes and one or more gateways, wherein such nodes are configured to form an organized network in communication with the one or more gateways, with such nodes being provided a communication access point to an external network through said one or more gateways, such network being composed of at least Mueller's Mi.Net® nodes, gateways, smart meters, Mi.Gate collectors and Mi.Net host servers.  Specifically, one or more of Defendant's Accused Products and Services infringes one or more of the claims of '019 Patent.  Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States.

25.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '019 Patent.  Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services.  Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and

instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information.  Defendant knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

26.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.     Defendant's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

29.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.      An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Respectfully submitted this 31st day of October, 2014.


*Attorneys for Plaintiff*
*Endeavor MeshTech, Inc.*

/s/ Stamatios Stamoulis
**STAMOULIS & WEINBLATT LLC**

Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware  19809
Telephone:  (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**

Jacqueline K. Burt, *Pro Hac Vice* Anticipated
    Email: jburt@hgdlawfirm.com
James F. McDonough, *Pro Hac Vice* Anticipated
    Email: jmcdonough@hgdlawfirm.com
Dara T. Jeffries, *Pro Hac Vice* Anticipated
    Email: djeffries@hgdlawfirm.com
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  (404) 996-0861, 0869, 0867
Facsimile:  (205) 547-5502, 5515